IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| James Thomas Wallace, | ) | |
| | ) | Cr. No. 4:03-918 |
| Petitioner, | ) | |
| | ) | |
| -versus- | ) | |
| | ) | |
| United States of America | ) | ORDER |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter comes before the Court upon Defendant's pro se "motion to correct record based on dramatic intervening change in law or U. S. Supreme Court precedent, Descamps v. United States, No. 11-9540 (Decided June 20, 2013), pursuant to 18 U.S.C. § 3231" which was filed on July 3, 2013. (Doc. # 141). This motion challenges Defendant's underlying conviction and sentence. As an initial matter, the Court notes that Petitioner previously filed a 28 U.S.C. § 2255 petition on April 3, 2007, which was adjudicated on the merits and dismissed by Order of this Court dated December 23, 2008. In light of these facts of record, and after careful review and consideration, the Court finds that the instant motion is a successive motion filed in this court pursuant to 28 U.S.C. § 2255. The Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996), placed specific restrictions on second or successive motions under 28 U.S.C. § 2255. Prior to filing a second or successive motion under § 2255, Defendant must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive motion. As provided in 28 U.S.C. § 2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

1

2

These statutory directives have been applied consistently by the Fourth Circuit Court of Appeals. "[A] prisoner seeking to file a successive application in the district court must first obtain authorization from the appropriate court of appeals." United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003) (citing 28 U.S.C. § 2244(b)(3)); see also 28 U.S.C. § 2255 ("A second or successive motion [under this section] must be certified as provided in § 2244 by a panel of the appropriate court of appeals . . ."); see generally In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). In the absence of pre-filing authorization, the district court lacks jurisdiction to consider a motion under § 2255. See Winestock, 340 F.3d at 205.

Because the petitioner has previously filed a § 2255 petition which was adjudicated on the merits, the present motion is successive. The docket does not reflect that Petitioner has sought or received authorization from the Fourth Circuit Court of Appeals to file a second successive motion under § 2255. As such, this court lacks jurisdiction to consider the motion.

## CONCLUSION

Accordingly, defendant's motion (Doc. # 141) is **DISMISSED** as this court is without jurisdiction to consider it. Out of an abundance of caution, the Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

                                                s/ Terry L. Wooten
Terry L. Wooten
CHIEF UNITED STATES DISTRICT JUDGE

Florence, South Carolina
August 19, 2013